UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUADA MEHIC,
    Plaintiff,

                              CIVIL ACTION NO.
    v.                         15-12934-IT


DANA-FARBER CANCER INSTITUTE, INC.,
MELISSA CHAMMAS and LINDA SWEENEY,
    Defendants.


**MEMORANDUM AND ORDER RE.**
**DEFENDANTS' MOTION TO STRIKE**
**(DOCKET ENTRY # 113)**

**August 31, 2018**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to strike filed by
defendants Dana-Farber Cancer Institute, Inc. ("Dana-Farber"),
Melissa Chammas ("Chammas"), and Linda Sweeney ("Sweeney")
(collectively "defendants").  (Docket Entry # 113).  Defendants
seek to strike certain material from being used in consideration
of their motions for summary judgment (Docket Entry ## 99, 101).
(Docket Entry # 113).  Plaintiff Suada Mehic ("plaintiff"), a
former employee of Dana-Farber, opposes the motion.  (Docket
Entry # 118).  After conducting a hearing, this court took the
motion (Docket Entry # 113) under advisement.

Defendants seek to strike all of the 78 exhibits attached
to plaintiff's affidavit, a supplemental affidavit, plaintiff's

five-paragraph LR. 56.1 statement of material facts

("plaintiff's LR. 56.1 statement") (Docket Entry # 109, p. 27),[1]

the majority of the paragraphs in plaintiff's 53-page affidavit,

and the following paragraphs in plaintiff's LR. 56.1 statement

in response to defendants' LR. 56.1 statement ("plaintiff's LR.

56.1 response") (Docket Entry # 109, pp. 1-26): two, six, nine,

ten, 11, 14 to 27, 30 to 31, 33, 36 to 39, 44 to 47, 49, 50, 51,

53, 57 to 59, 60 to 66, 68, 70, 72 to 78, 80, 83 to 98, 101,

104, 105, 107 to 115, 117 to 119, 121, 124 to 133, 135 to 140,

142, 146, 148, 149, and 150 to 155.[2]  (Docket Entry ## 113, 114).

Defendants primarily rely on Fed. R. Civ. P ("Rule 56(c)") and

LR. 56.1 to strike the foregoing from the summary judgment

record.  They additionally submit that various affidavit

paragraphs contradict plaintiff's deposition testimony and rely

on hearsay.  (Docket Entry ## 113, 114).

Plaintiff's three-page opposition globally maintains that

she responded to each paragraph in defendants' LR. 56.1

---

[1]  Page numbers refer to the page as docketed as opposed to the
page of the deposition or document.
[2]  To distinguish between paragraphs in plaintiff's LR. 56.1
response and those in plaintiff's affidavit, this court refers
to the latter as "affidavit paragraphs" and the former as simply
"paragraphs."  Additionally, in light of the discrepancy in
numbering that defendants identify (Docket Entry # 114, n.3),
this court refers to the paragraph numbers as set out in
plaintiff's LR. 56.1 response (Docket Entry # 109) to identify
all paragraphs in both defendants' and plaintiff's LR. 56.1
statement and response.

statement and cited to the record, including to her affidavit, exhibits, and the verified first amended complaint "in accordance with the rules." (Docket Entry # 118). She does not cite any legal authority, quotes four paragraphs from her first affidavit, and explains why she wrote on a number of emails filed as exhibits. She requests, "if necessary," that this court consider the supplemental affidavit for authentication purposes. (Docket Entry # 118). Notably absent from the opposition is a response to the above-noted arguments made by defendants or an explanation tailored to one or more paragraphs in either plaintiff's LR. 56.1 response or her affidavit that defendants seek to strike. As a result, plaintiff waives any argument not developed in her opposition.[3] See Curet-Velazquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011) ("[a]rguments alluded to but not properly developed before a magistrate judge are deemed waived"); Coons v. Industrial Knife Co., Inc., 620 F.3d 38, 44 (1st Cir. 2010); Vallejo v. Santini-Padilla, 607 F.3d 1, 7 & n.4 (1st Cir. 2010).

DISCUSSION

A.  LR. 56.1

---

[3] For example, in response to defendants' arguments, plaintiff does not address why she has personal knowledge about certain matters, why various statements in her affidavit are not speculative or founded upon her beliefs as opposed to facts, and why affidavit paragraphs do not contradict cited portions of her deposition testimony.

3

Under LR. 56.1, a non-moving party admits any fact in the moving party's LR. 56.1 statement if the non-moving party fails to controvert the fact in the non-moving party's LR. 56.1 statement. See LR. 56.1. Defendants therefore seek to establish that the foregoing facts in plaintiff's LR. 56.1 response fail to controvert and therefore admit the facts in defendants' corresponding LR. 56.1 paragraphs. (Docket Entry # 114).

District courts "enjoy broad latitude in" administering and enforcing local rules. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002); United States v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir. 1989). As an anti-ferret rule, LR. 56.1 functions to focus a court's attention on the facts that are genuinely disputed. See Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) (anti-ferret "rules are designed to function as a means of 'focusing a district court's attention on what is—and what is not—genuinely controverted'"); accord CMI Capital Market Investment, LLC v. Gonzalez-Toro, 520 F.3d 58, 62 (1st Cir. 2008) (purpose of "rule is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute"); Mariani-Colon v. Dept. of Homeland Sec. ex rel.

<u>Chertoff</u>, 511 F.3d 216, 219 (1st Cir. 2007).[4]  As an anti-ferret

rule, LR. 56.1 is designed "to reduce the burden on trial courts

and 'prevent parties from unfairly shifting the burdens of

litigation to the court.'"  <u>Advanced Flexible Circuits, Inc. v.</u>

<u>GE Sensing & Inspection Technologies GmbH</u>, 781 F.3d 510, 520-21

(1st Cir. 2015) (interpreting District of Puerto Rico local

rule).

In pertinent part, the rule requires the party opposing

summary judgment to:

> include a concise statement of material facts of record as
> to which it is contended that there exists a genuine issue
> to be tried, *with page references* to affidavits,
> depositions and other documentation . . . Material facts of
> record set forth in the statement required to be served by
> the moving party will be deemed for purposes of the motion
> to be *admitted* by the opposing parties *unless controverted*
> by the statement required to be served by opposing parties.

LR. 56.1 (emphasis added).  The language requires the non-moving

party to provide citations to the record, i.e., "affidavits,

depositions, or other documentation," with page references.  LR.

56.1.  The rule also deems admitted the facts in defendants' LR.

56.1 statement that plaintiff's LR. 56.1 response do not

controvert.  <u>See</u> <u>Cochran v. Quest Software, Inc.</u>, 328 F.3d 1, 12

---

[4]  It is worth noting that <u>Mariani-Colón</u> as well as <u>Cabán</u>
<u>Hernández</u> interpret the stricter anti-ferret rule in Puerto Rico
rather than the more forgiving Massachusetts local rule.  <u>See</u>
<u>Mariani-Colón</u>, 511 F.3d at 219; <u>Cabán Hernández v. Philip Morris</u>
<u>USA, Inc.</u>, 486 F.3d at 6-7; <u>cf.</u> <u>McGrath v. Tavares</u>, 757 F.3d 20,
26 n.10 (1st Cir. 2014).

(1st Cir. 2003) (plaintiff's failure to contest date in LR. 56.1
statement of material facts caused date to be admitted on
summary judgment); Stonkus v. City of Brockton School
Department, 322 F.3d 97, 102 (1st Cir. 2003) (citing LR. 56.1
and deeming admitted undisputed material facts that plaintiff
failed to controvert).  Although it is not always apparent
whether the non-moving party complied with the rule with respect
to a particular statement, a non-party's omission of citations
to the record in its statement of facts "leaves no doubt" about
its violation of the rule.  See Zimmerman v. Puccio, 613 F.3d
60, 63 (1st Cir. 2010) ("defendants' failure to provide any
citations whatsoever in their opposition statement leaves no
doubt as to their noncompliance").  Paragraph six in plaintiff's
LR. 56.1 response falls into this category inasmuch as it
contains no citation to the summary judgment record.  The fact
set out in paragraph six of defendants' LR. 56.1 statement is
therefore deemed admitted.  Plaintiff's LR. 56.1 response to
paragraphs 139 and 140 of defendants' LR. 56.1 statement cites
only to "Mehic Responses, supra," a category that includes
approximately 100 paragraphs in plaintiff's affidavit.  The
facts set out in paragraphs 139 and 140 of defendants' LR. 56.1
statement are therefore deemed admitted.[5]  Although defendants

---

[5]  Because neither paragraph 139 nor 140 in plaintiff's LR. 56.1
response reference particular affidavit paragraphs, defendants'

challenge plaintiff's LR. 56.1 response to the facts set out in paragraphs 151, 153, and 154 of defendants' LR. 56.1 statement, plaintiff's response denotes the paragraphs as "undisputed" and does not provide a citation to the record. The facts in paragraphs 151, 153, and 154 of defendants' LR. 56.1 statement are not controverted in plaintiff's response and therefore deemed admitted. <u>See</u> LR. 56.1.

Overall, this court may strike a fact in plaintiff's LR. 56.1 response and deem admitted the facts in defendants' corresponding LR. 56.1 paragraph when the response paragraph either does not provide an adequate citation to the record or controvert defendant's corresponding LR. 56.1 paragraph. <u>See</u> LR. 56.1. With respect to the latter, in the event a paragraph in plaintiff's LR. 56.1 response cites solely to an affidavit paragraph that does <i>not</i> address (and therefore does not "controvert") the facts set out in the defendants' corresponding LR. 56.1 paragraph, those facts are deemed admitted. <u>See</u> LR. 56.1. Similarly, in the event this court strikes the affidavit paragraph that is the only citation provided to support a paragraph in plaintiff's LR. 56.1 response, the facts in the corresponding paragraph of defendants' LR. 56.1 are deemed

_____

request to strike the affidavit paragraphs referenced in paragraphs 139 and 140 because they contradict plaintiff's deposition testimony is moot. (Docket Entry # 113, p. 2) (Docket Entry # 144, p. 4).

admitted.  See generally LR. 56.1.  Finally, if this court

strikes only a portion of the affidavit paragraph that is the

only citation provided to support the LR. 56.1 response and the

facts in the remaining portion do *not* address (and therefore do

not controvert) the facts in the corresponding paragraph in

defendants' LR. 56.1 statement, those facts are deemed admitted.

Adhering to the foregoing framework and examining each

paragraph in plaintiff's LR. 56.1 response and the cited,

supporting affidavit paragraphs that defendants seek to strike,

the following paragraphs in plaintiff's LR. 56.1 response do not

sufficiently controvert the facts in the corresponding

paragraphs in defendants' LR. 56.1 statement:  two, six, nine,

ten, 11, 14 to 18, 19 (sent. 1), 20 to 27, 30, 31, 33, 36 to 39,[6]

---

[6]  Defendants do not offer the exhibit quoted in paragraphs 36 to
39 in defendants' LR. 56.1 statement (a 2012 review) and the
exhibit quoted in paragraphs 57 to 59 (a 2013 review) for the
truth of the matters asserted.  Rather, defendants aptly seek to
use the evaluations to show the state of mind of the decision-
maker and the documentation Chammas had available when she made
the decisions at issue in this case.  (Docket Entry # 114, pp.
13-14); see Wright v. Southland Corporation, 187 F.3d 1287,
1303-1304, n.21 (11th Cir. 1999) (appropriate to consider
statements in age discrimination case "not being offered to
prove the truth of the matter asserted (e.g., that Wright was
too old to operate Southland's computers), but rather to prove
the state of mind of the decisionmakers").  They also correctly
state that the authenticity of these documents is not in
dispute.  (Docket Entry # 114, p. 14).  With the exhibits
considered in this manner, plaintiff's LR. 56.1 response to
paragraphs 36 to 39 and 57 to 59 along with the cited affidavit
paragraphs do not controvert paragraphs 36 to 39 and 57 to 59 in
defendants' LR. 56.1 statement.  Defendants adhere to the same
position with respect to paragraphs 62 to 64, 72, 89, and 90.

44 to 47, 49,[7] 50 to 51, 53, 57 to 59, 60 to 66,[8] 68, 70, 72 to
78, 80, 83 to 97, 101, 104, 105, 108 to 115, 117 to 119, 121,
124 to 132, 135,[9] 136, 137, 146, and 148 to 154.

As a result, the facts in the above paragraphs in
defendants' LR. 56.1 statement are deemed admitted for purposes
of summary judgment.  The basis for deeming the facts in these
paragraphs admitted is further explained, in part, in the
succeeding sections.

B.  <u>Affidavit Statements Based on Speculation, Belief, and
Unsupported Characterizations</u>

---

The same reasoning therefore applies to paragraphs 62 to 64, 72,
89, and 90 in defendants' LR. 56.1 statement, which are
therefore not controverted.

[7]  Plaintiff does not controvert paragraph 49 (which cites to her
deposition) because she relies on affidavit paragraph 32 (which
does not address paragraph 49) and affidavit paragraph 31 to
support her response.  Affidavit paragraph 31, in turn, states
that she "did not make a mistake when I said that" during her
deposition.  (Docket Entry # 110, ¶ 31).  The only basis
defendants seek to strike affidavit paragraph 31 is because it
contradicts plaintiff's deposition testimony.  The paragraph,
however, does not contradict a clear answer that plaintiff
provided to an unambiguous deposition question.  <u>See</u> <u>Xiaoyan
Tang v. Citizens Bank, N.A.</u>, 821 F.3d 206, 217 n.11 (1st Cir.
2016).

[8]  Paragraph 65 is not controverted for the reasons set out by
defendants.  (Docket Entry # 114, pp. 8-9).

[9]  Paragraph 135 in defendants' LR. 56.1 statement states that
plaintiff's employment "was terminated on January 16, 2014, for
unsatisfactory performance" and cites a termination of
employment letter setting out that reason.  (Docket Entry # 98-
32) (Docket Entry # 103, ¶ 135).  The LR. 56.1 paragraph is not
controverted to the extent that the stated reason in the letter
is "unsatisfactory performance."  Whether the reason is
pretextual or false presents a separate, *legal* issue that, to
state the obvious, is controverted.

Relying on Rule 56(c)(4), defendants seek to strike a number of facts in plaintiff's LR. 56.1 response (Docket Entry # 109) and the cited paragraphs in plaintiff's affidavit (Docket Entry # 110) because they rely on argument, speculation, personal beliefs, and rhetorical questions.[10] (Docket Entry ## 114, 125). The LR. 56.1 facts in plaintiff's statement (Docket Entry # 109) that defendants seek to strike (along with the cited paragraphs of the affidavit) are: two, six, ten, 11, 14 to 17, 18,[11] 20 to 27, 30, 31, 33, 44 to 47, 50, 51, 60, 61, 62, 64, 65, 66, 68, 70, 74 to 78, 80, 83, 84 to 97, 107 to 112, 115, 117, 118, 119, 121, 124 to 133, 135 to 140, 146, 148, 149, and 150 to 155.[12] In response, plaintiff summarily asserts that she provided "amply alleged facts that would defeat Summary Judgment." (Docket Entry # 118).

---

[10] Defendants' additional or separate argument that affidavit paragraphs cited in plaintiff's LR. 56.1 response "are unrelated" to the applicable paragraph in defendants' LR. 56.1 statement does not provide a means to *strike* the affidavit paragraph from the record. Rather, it provides a basis to deem the facts in the corresponding paragraph in defendants' LR. 56.1 statement admitted. <u>See</u> LR. 56.1.

[11] Defendants argue that the affidavit paragraphs supporting paragraph 18 of plaintiff's LR. 56.1 response are based on speculation and opinion, even though defendants address the argument in the "'sham affidavit'" section of their supporting memorandum. (Docket Entry # 114, pp. 5-6).

[12] With respect to defendants' challenge to paragraphs 150 to 155 in plaintiff's LR. 56.1 response on the basis that plaintiff "has no personal knowledge" (Docket Entry # 114, pp. 11-12), plaintiff states, without qualification, that paragraphs 151, 153, and 154 are "Undisputed." She also does not identify an affidavit paragraph in support of these paragraphs.

"[U]nsupported, speculative assertions," and conclusory statements in an affidavit submitted in opposition to summary judgment do not create a genuine or a material fact sufficient to warrant proceeding to trial.  Garmon v. Natl. R.R. Passenger Corp., 844 F.3d 307, 315 (1st Cir. 2016); see Méndez-Aponte v. Bonilla, 645 F.3d 60, 68 (1st Cir. 2011) ("agree[ing] with the district court that the plaintiffs' . . . statement of contested material facts consist[s], in large part, of speculation and conclusory allegations for which the only evidentiary support is Méndez-Aponte's sworn affidavit, which itself contains conclusory allegations").  For example, affidavit statements reflecting a plaintiff's "subjective speculation," such as that another employee's higher wages resulted from discrimination, are insufficient.  Quinones v. Buick, 436 F.3d 284, 290 (1st Cir. 2006) (discounting plaintiff's affidavit which, "like his deposition testimony, reflects only Quinones' subjective speculation and suspicion that Barnes' greater earnings must have resulted from discrimination").  Similarly, statements that are argumentative or amount to "mere unsupported characterizations," personal opinions, or "subjective beliefs" do not create a triable issue.  Garcia-Garcia v. Costco Wholesale Corp., 878 F.3d 411, 425 (1st Cir. 2017) (plaintiff "provides no detail and no support other than his subjective belief that he was being discriminated against by Costco");

Quinones v. Buick, 436 F.3d at 290-91. For example, statements
in an affidavit that reflect the plaintiff's "'subjective
speculation and suspicion[]' that her termination was due to
discriminatory animus" along with her "'unsupported
characterizations' are insufficient to create a triable issue of
fact." Ashley v. Paramount Hotel Group, Inc., 451 F. Supp. 2d
319, 334 (D.R.I. 2006) (quoting Quinones v. Buick, 436 F.3d at
290-91). As explained in a recent, First Circuit decision:

> A court need not "take at face value" a party's "subjective
> beliefs," even if offered in the form of testimony, if
> those subjective beliefs are "conclusory," "self-serving,"
> and lack factual support in the record. Torrech-Hernández
> v. Gen. Elec. Co., 519 F.3d 41, 47 n.1 (1st Cir. 2008).
> This is such an instance: Irobe's unsupported opinion
> about the limited availability of particular merchandise in
> the Lewiston area is simply not a game-changer in the
> summary judgment calculus.

Irobe v. U.S. Dept. of Agric., 890 F.3d 371, 381 (1st Cir.
2018).

Here, paragraph two in plaintiff's LR. 56.1 response relies
exclusively on affidavit paragraph two. In accordance with the
foregoing law, the latter is stricken from the summary judgment
record. In addition, the facts in paragraph two in defendants'
LR. 56.1 statement are deemed admitted.

Furthermore, statements in an affidavit *must* be made on
personal knowledge." Fed. R. Civ. P. 56(c) (emphasis added).
"Statements made upon information and belief, as opposed to
personal knowledge, are not entitled to weight in the summary

judgment balance." <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 961 (1st
Cir. 1997) (disregarding affidavit statement that began with, "I
*believe* that") (emphasis in original).  Separately, affidavit
statements "blatantly contradicted by the record" do not create
a genuinely disputed material fact.  <u>Medina-Rivera v. MVM, Inc.</u>,
713 F.3d 132, 140 (1st Cir. 2013) (ignoring plaintiff's
deposition testimony that she did not work certain hours when
earnings statements and her statement of material facts said
otherwise).

With respect to affidavit paragraph six, there is no
indication that plaintiff has personal knowledge that Irina
Michlin ("Michlin") "was first hired to the position of
Accounting Clerk."  (Docket Entry # 110, ¶ 6).  As also argued
by defendants, plaintiff's statement about what Michlin said to
plaintiff is hearsay.  <u>See</u> <u>Evergreen Partnering Group, Inc. v.</u>
<u>Pactiv Corp.</u>, 832 F.3d 1, 12 (1st Cir. 2016) ("hearsay evidence
cannot be considered on summary judgment 'for the truth of the
matter asserted'").  Affidavit paragraph six is therefore not
considered part of the summary judgment record.  Paragraph ten
in plaintiff's LR. 56.1 response relies on affidavit paragraph
six.  The fact in paragraph ten in defendants' LR. 56.1
statement is therefore deemed admitted.  The same ruling and

reasoning apply to affidavit paragraph seven and paragraph 11 of defendants' LR. 56.1 statement.[13]

Defendants also object to considering affidavit paragraphs nine through 12 (Docket Entry # 114, pp. 4-5, 7-12), cited to support paragraphs 14 to 19 in plaintiff's LR. 56.1 response.[14] These affidavit paragraphs include appropriate facts as well as inappropriate speculation, argument, and/or personal beliefs or opinion. The following underlined portions of affidavit paragraphs nine through 12 contain appropriate facts whereas the remaining text contains inappropriate personal beliefs, speculation, hearsay, and/or argument:

> 9. In response to Defendants' asserted Statement of Fact Nos. 16, 17, and 19, know that with this e-mail from Connolly, it was intended only to manipulate me. E-mails, true and correct copies of which are attached hereto, show[] that management had information that the Zakim Center moved to a new building at least three months in advance. Zakim Center started working and providing service since 1999.[15] I started working overtime in the

---

[13]   It is therefore not necessary to address defendants' alternative bases to deem the fact in paragraph 11 admitted based on plaintiff's deposition testimony or to strike affidavit paragraph seven as contradicted by plaintiff's deposition testimony. (Docket Entry # 114, p. 4).

[14]   Defendants seek to deem the facts admitted in paragraph 19 at this point in time only on the basis of a conflict with plaintiff's deposition testimony. (Docket Entry # 114, p. 4). Because paragraph 19 cites affidavit paragraphs nine to 12, the deposition argument reduces to whether the remaining, non-stricken portions of affidavit paragraphs nine through 12 contradict the cited portions of plaintiff's deposition testimony in paragraph 19 of defendants' LR. 56.1 statement.

[15]   Because plaintiff began working at Dana-Farber in 2003, it is unlikely that she has personal knowledge of the Zakim Center's opening in 1999.

<u>first half of 2005.</u>  This means that my overtime was not at
all related to Zakim Center patients.  <u>At that time, I also</u>
<u>received payments from Excess Management until mid-2013.</u>
<u>Overtime was about working with regard to the increasing</u>
<u>Petty Cash distribution from $1000 to $3000, and other</u>
<u>services related to my work responsibilities.  The first</u>
<u>patients of Zakim Center went to the treatment and then</u>
<u>paid the services after the treatment.</u>[16]  From this attached
e-mail sent from Steve Connolly, you can see pure
discrimination and humiliation by not including me in a
conversation about his proposal.  They did not think about
the promotion they had promised me for years, in this way
they wanted to scare and humiliate me.  As I gave several
times, the statement I did not mind to stop working
overtime,[17] but I was automatically against how George
Peddle at that time my manager and manager for General
Accounting presented an order from Melissa Chammas that I
was stealing overtime, and that I will suffer serious
consequences for doing that.[18]  To my question what about my
promotion that was agreed in 2010, George Peddle told me
that Human Resources had lost my documentation.[19]  <u>I then</u>

---

[16]  The above averment evidences that plaintiff performed
additional duties during her overtime, in addition to or in lieu
of accommodating Zakim Center patients.
[17]  Plaintiff's statement that she did not mind stopping the
overtime work constitutes a personal, subjective belief or
opinion.
[18]  Plaintiff's statement that she "was automatically against how
George Peddle . . . presented an order" is no different than the
"I believe" statement stricken by the First Circuit in <u>Cadle</u>,
116 F.3d at 961.  That said, as explained later in this opinion,
the summary judgment record includes the reason why plaintiff
went to the human resources department ("HR"), namely, to
complain about the accusation of stealing overtime and Chammas'
statement regarding serious consequences.
[19]  Defendants seek to strike the above sentence as hearsay.  As
noted previously, it is improper to consider hearsay evidence
"on summary judgment 'for the truth of the matter asserted.'"
<u>Evergreen Partnering Group, Inc. v. Pactiv Corp.</u>, 832 F.3d at
12.  Statements in a plaintiff's affidavit "about what [she] was
told" are disregarded as inadmissible hearsay and cannot be
considered on summary judgment for the truth of the matter
asserted.  <u>Hannon v. Beard</u>, 645 F.3d 45, 49 (1st Cir. 2011).
Accordingly, plaintiff's recitation of what Peddle told her is
not considered for the truth of the matter asserted, i.e., that
HR lost the documentation.  <u>See Xiaoyan Tang</u>, 821 F.3d at 221

told him that I would immediately go to the HR and report these very embarrassing and humiliating words from my manager. If there was no need to come in at 8:45 AM, why did George Peddle change my working time even to come up fifteen minutes earlier at 8:30 AM. When I started working, I was hired to begin at 9:00 AM and work to 5:00 AM. I never had high pressure registered but very high blood pressure was measured in OHS after this conversation about my overtime. In OHS I did not mention what happened to me. (Now that I have seen this e-mail now, it is clear to me that Steve is involved in this dirty business from the beginning of a false accusation, if not before.

10. In response to Defendants' asserted Statement of Fact Nos. 14 and 15, know that at the time that the Zakim patients business was moved, although I did not work anymore with patients, I received a new responsibility to receive from two to three deposits from these departments in the morning and also to provide a fund for exchanging large bills in lesser value. This was a more responsible and more comprehensive job then receiving patient's payment, which, in this case, means one job is taken away (the Zakim work) and replaced with a much more comprehensive and responsible job. Thus, the Zakim move was merely a false excuse, now created by Defendants to justify, falsely, the removal of overtime.

11. In response to Defendants' asserted Statement of Fact No[]. 18, know that all overtime worked by Plaintiff was authorized.[20] Furthermore, the threat by Chammas to

---

n.15. Plaintiff, as the proponent of the evidence, provides no reason to consider the evidence in the face of defendants' hearsay challenge. Peddle, who left Dana-Farber well before the January 2014 termination, is not a decisionmaker such that his state of mind is at issue. Cf. Wright v. Southland Corporation, 187 F.3d at 1303-1304, n.21; Staniewicz v. Beecham, Inc., 687 F.2d 526, 530-531 (1st Cir. 1982); see generally Gonzalez v. El Dia, Inc., 304 F.3d 63, 69 (1st Cir. 2002) ("statements made by nondecisionmakers or decisionmakers not involved in the decisional process, normally are insufficient, standing alone, to establish either pretext or the requisite discriminatory animus").

[20] Plaintiff has personal knowledge that the overtime she worked prior to Peddle informing her not to work overtime, was approved or authorized. The averment is therefore part of the summary judgment record. The statement, however, does not controvert

Plaintiff that Plaintiff was going to suffer consequences
for working her authorized overtime, is worse than
discipline.  Finally, by <u>going to HR with the presentation
of what and how Plaintiff was accused falsely on 02/07/2012
with working unauthorized overtime</u>,[21] Plaintiff prevented
her[self] from being falsely disciplined, only on the basis
of a misrepresentation from management.  The false
accusation was part of a plan or scheme by Defendants to
"paper" Plaintiff's personnel folder, and to use it against
her when needed, if she were asking for her promotion,
which had been promised her for years.  For Defendants to
assert now, on their own behalf, that Plaintiff never was
disciplined for working unauthorized overtime is
duplicitous.

12.  In response to Defendants' asserted Statement of Fact
No. 19, know that <u>I did not go to HR because of elimination
of overtime, I went because of the false accusation that I
was stealing overtime and that I would have serious
consequences.</u>[22]  To my question about my promotion that is
being held from 2008/2010 that same moment, Peddle told me
that HR lost the documentation sent by Melissa Chammas
about my promotion.  That moment <u>I told him that I would go
ASAP to HR to report false accusation and also to check
that management has ever sent documentation of my
promotion.</u>  Elizabeth Dean told me that they never received
any documentation of my promotion.  It was all clear to me
what they wanted to achieve with a false accusation.

(Docket Entry # 109, ¶¶ 9-12).

---

paragraph 18 in defendants' LR. 56.1 statement that plaintiff
was not "*discipline[d] for working unauthorized overtime.*"
(Docket Entry # 109, ¶ 18) (emphasis added).  Plaintiff's
deposition testimony establishes that Peddle did not write
plaintiff "up for stealing overtime."  (Docket Entry # 98-1, pp.
221-222).  Thus, defendants accurately note that the fact in
paragraph 18 in their LR. 56.1 statement is not in dispute
(Docket Entry # 114, pp. 4-5) and therefore deemed admitted.
[21]  This court considers the above to show plaintiff's reason for
going to HR in February 2012.
[22]  This court considers the above statement to show plaintiff's
reason for going to HR in February 2012.

The foregoing, underlined portions of the above paragraphs, cited to support paragraphs 14 to 19 in plaintiff's LR. 56.1 response, do not controvert the facts in the corresponding paragraphs 14 to 18 and the first sentence in paragraph 19 in defendants' LR. 56.1 statement. As a result, the facts in these paragraphs of defendants' LR. 56.1 statement are deemed admitted. With respect to paragraph 18, plaintiff cites affidavit paragraphs nine to 12 as disputing the facts in paragraph 18. (Docket Entry # 109, ¶ 18). The affidavit paragraphs do not controvert paragraph 18 in defendants' LR. 56.1 statement because the latter concerns the fact that plaintiff was not disciplined for working unauthorized overtime. As to paragraph 19, the first sentence simply recounts that plaintiff requested a meeting with HR. As to the second sentence in paragraph 19, plaintiff's deposition testimony establishes that she met with Dean and discussed her overtime. Construing the record in plaintiff's favor, the cited deposition testimony that supports the second sentence of paragraph 19 does not depict that plaintiff discussed a complaint about the *elimination* of her overtime but rather discussed the related topic of how plaintiff could "know [she] had to stop [working] overtime."[23]  (Docket Entry # 98-1, p. 23).

---

[23]  This aspect of the second sentence of paragraph 19 is therefore controverted.

Separately, affidavit paragraph five is stricken for the reasons set out by defendants (Docket Entry # 114, pp. 5-6), except for the factual statement that, after the job opening for a staff accountant position in 2006, plaintiff "asked Beth to find anything" (Docket Entry # 110, ¶ 5, ln. 6). Affidavit paragraph five, cited to support paragraph nine in plaintiff's LR. 56.1 response, therefore, does not adequately controvert the facts in paragraph nine of defendants' LR. 56.1 statement, which are deemed admitted.

Defendants also move to strike the cited paragraphs in plaintiff's affidavit and the cited "related [e]xhibits" that support paragraphs 20 to 27 in plaintiff's LR. 56.1 response. (Docket Entry # 113). The cited, affidavit paragraphs are three, 13, 14, 15, 17, and 18. Defendants argue that they depict plaintiff's opinions, rhetorical questions, and arguments. (Docket Entry # 114, pp. 4-5, 7-12).

The following statements in affidavit paragraph 13 are not stricken inasmuch as they are based on plaintiff's personal knowledge as opposed to her subjective beliefs or opinions: a large promotion occurred in 2011; plaintiff was the only employee "left out without a promotion"; and plaintiff's recitation of what she told Barberio. The remaining portion of affidavit paragraph 13 is stricken. The affidavit paragraph, as modified, does not controvert the facts in paragraph 20 of

defendants' LR. 56.1 statement thereby deeming those facts admitted.

As to affidavit paragraph 14, cited as the only support for paragraph 21 in plaintiff's LR. 56.1 response, plaintiff has personal knowledge about the subject matter of what she discussed during her February 2012 meeting with Dean, namely, whether "HR lost or received any documents about [plaintiff's] promotion."[24] (Docket Entry # 110, ¶ 14). The remainder of affidavit paragraph 14 is stricken. First, defendants aptly object to the third sentence ("Dean informed me that the HR did not receive any documentation regarding my promotion") (Docket Entry # 110, ¶ 14) as hearsay.[25] Second, the remaining portions

_____

[24] This is not the only matter discussed. (Docket Entry # 98-1, pp. 22-23).

[25] As noted, plaintiff waives any argument to the contrary. Defendants raise a hearsay objection to specific paragraphs of the affidavit as "examples" of hearsay and do not identify affidavit paragraph 14 as one of these examples. They nevertheless quote an example of similar hearsay in paragraph nine that, "Peddle told me that Human Resources had lost my documentation." (Docket Entry # 114, p. 12) (Docket Entry # 110, ¶ 9). Accordingly, this court concludes that defendants object to the third sentence in affidavit paragraph 14 as hearsay. Overall, however, defendants' assertion that they "reserve the right to seek leave to provide further briefing in the event the Court would like an exhaustive statement of every ground for striking each paragraph" (Docket Entry # 114, n.1) is misguided. The request or reservation of the right to seek leave to file a supplemental brief "comes too late." North American Catholic Education Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 n.2 (1st Cir. 2009) (North American's contingent "request to file a further brief if we propose to address the issue" is too late).

of the affidavit paragraph consist of plaintiff's arguments,
opinions, and subjective belief regarding why she received the
promotion and why "Chammas made misrepresentations." (Docket
Entry # 110, ¶ 14). Finally, affidavit paragraph 14 does not
controvert the fact in paragraph 21 of defendants' LR. 56.1
thereby deeming the fact admitted.

Affidavit paragraph 15 is stricken as containing argument,
speculation, and subjective beliefs about the quality of
plaintiff's work. The only portion not stricken is the
statement that, "I got an increase in the hourly pay and my
grade [was] changed from 12 to 14." (Docket Entry # 110, ¶ 15).
The paragraph does not controvert the fact in paragraph 22 of
defendants' LR. 56.1 thereby deeming the fact admitted.

Affidavit paragraph 17 is likewise stricken as containing
argument, opinions, speculation, and subjective beliefs that
Chammas "used her authority" against plaintiff "to hide her very
dirty intentions to set [plaintiff] up to be fired." (Docket
Entry # 110, ¶ 17). The only portion not stricken is the
statement that, "I said to George Peddle . . . that this is not
a good Review . . .." (Docket Entry # 110, ¶ 17). In addition,
the paragraph does not controvert the fact in paragraph 25 of
defendants' LR. 56.1 thereby deeming the fact admitted.

Paragraph three of plaintiff's affidavit, cited in support
of paragraph 26 in plaintiff's LR. 56.1 response, includes a

list of plaintiff's responsibilities as a cashier.  Plaintiff

has personal knowledge about the responsibilities and this

portion of affidavit paragraph three is not stricken.  The

remaining portion of the paragraph, however, consists of

conclusory and/or personal opinions, such as "[m]anagement just

expended and added new responsibilities," and plaintiff worked

"without complaint."  (Docket Entry # 110, ¶ 3).  The remaining

portion is therefore stricken from the record.

Defendants seek to strike 78 more paragraphs in plaintiff's

affidavit on the basis that plaintiff lacks personal knowledge

and/or they consist of speculation, subjective beliefs, personal

opinions, inadmissible argument, and rhetorical questions.  In

the interest of expediency, below is a list of the statements in

the affidavit paragraphs that are stricken because plaintiff

lacks personal knowledge or they contain argumentative or

conclusory statements, speculation, "subjective belief[s],"

and/or "unsupported opinion."  Irobe v. U.S. Dept. of Agric.,

890 F.3d at 381; Garcia-Garcia v. Costco Wholesale Corp., 878

F.3d at 425; Garmon v. Natl. R.R. Passenger Corp., 844 F.3d at

315; Mendez-Aponte v. Bonilla, 645 F.3d at 68; Quinones v.

Buick, 436 F.3d at 290.  Specifically, in accordance with

defendants' arguments, the following affidavit paragraphs or

portions thereof are stricken from the summary judgment record:

the portion of affidavit paragraph 18 that reads, "on that

Review I was presented as a problem for Finance"; affidavit

paragraphs 21, 22, 23,[26] 32, 43, 45, 48, 50, 53, 61, 64, 66, 68,

81, 84,[27] 89, 93, 94,[28] 96, 99,[29] 100, and 101[30] in their entirety.

Portions of the following affidavit paragraphs are also

stricken: paragraph 26;[31] paragraph 27;[32] paragraph 28 except for

---

[26] Defendants argue and this court agrees that plaintiff lacks personal knowledge for the statement in affidavit paragraph 23 "that it was Chammas who directed Peddle what to write" in a draft 2012 review. (Docket Entry # 110, ¶ 23).

[27] It is therefore not necessary to address whether affidavit paragraph 84 is stricken based on defendants' alternative reason that it contradicts plaintiff's deposition testimony (Docket Entry # 98-1, p. 82). (Docket Entry # 114, pp. 4-6) (Docket Entry # 109, ¶ 112).

[28] It is therefore not necessary to address any conflict between the portion of plaintiff's deposition that defendants cite to support paragraphs 124 and 125 in their LR. 56.1 statement and affidavit paragraphs 93 and 94 that plaintiff cites to controvert paragraphs 124 and 125.

[29] Plaintiff lacks personal knowledge as to whether Chammas considered plaintiff's conduct "insubordination." (Docket Entry # 110, ¶ 99). Plaintiff's averment that Chammas' finding of insubordination "was a lie" amounts to a legal argument or a personal, subjective belief as opposed to a fact "that would be in evidence" under Rule 56(c)(4).

[30] At best, affidavit paragraph 101 might reasonably infer that Dean did not attend the referenced "Review of 2012" meeting. Plaintiff does not, however, have personal knowledge that Chammas did not invite Dean to attend the review.

[31] The paragraph is stricken except for plaintiff's statement of what she said to Peddle.

[32] Affidavit paragraph 27 is stricken except for plaintiff's statement of what she said at the meeting, namely, "I said I just wanted all lies that were written on my Review of 2012 to be deleted" and "I said I would go to Dr. Benz's office and ask this to be examined and corrected." (Docket Entry # 110, ¶ 27). Plaintiff also has personal knowledge that, "Jerome Saunders was present" and that Pole Lindsay "recorded everything." (Docket Entry # 110, ¶ 27). Accordingly, these statements are also part of the summary judgment record.

the statement that plaintiff reported to Peddle and, in his
absence, to Chammas; paragraph 29 except for plaintiff's
recitation of what plaintiff said and personally observed,
including the seventh sentence;[33] paragraph 33 except for
plaintiff's description of what she did after the meeting and
her statement of not being informed "that Steve Connolly, the
Finance Director, would attend the [June 21, 2013] meeting";
paragraph 35 except for the first sentence;[34] paragraphs 37 and
38 to the extent they contain hearsay; paragraph 40 except for
the fifth and sixth sentences and plaintiff's recitation that

---

[33] Plaintiff's statements that, "it is okay," and that she asked
Chammas if she (plaintiff) "ever had nasty behavior towards
[you] or had insulted [you]" (Docket Entry # 110, ¶ 29) are
therefore not stricken from the record. Plaintiff's observation
that Chammas yelled, i.e., raised her voice, and went "out the
door" constitute what plaintiff personally witnessed and are
therefore part of the record. Additionally, plaintiff has
personal knowledge that "When I got Final Written Warning on
10/28/2013[,] I found out that it was the day I received the
First Verbal Warning." (Docket Entry # 110, ¶ 29, sent. 7).
[34] Defendants seek to strike the affidavit paragraph plaintiff
relies upon to support paragraph 150 in her LR. 56.1 response.
(Docket Entry # 114, pp. 11-12). Paragraph 150 relies on
plaintiff's "[r]esponse to [s]tatement No. 55," which, in turn
relies solely on affidavit paragraph 35. In addition, although
plaintiff's LR. 56.1 response states that she disputes paragraph
150 of defendants' LR. 56.1 statement, the cited affidavit
paragraph 55 does not address and therefore does not controvert
the facts in paragraph 150 of defendants' LR. 56.1 statement.
The facts in paragraph 150 are therefore deemed admitted. The
same ruling and reasoning apply to defendants' challenge to
paragraph 152 in plaintiff's LR. 56.1 response and the affidavit
paragraph it relies upon, namely, affidavit paragraph 35.

she sent certain emails and telephoned a "Hot Line";[35] paragraph 41 except for the third sentence; paragraph 42 except for the fifth sentence; paragraph 44 except for the first sentence that plaintiff replied to "Chammas after [plaintiff's] working hours"; paragraph 46 except for the statements that she "prepared, counted and manually entered everything," she "completely finished" the job, and she "finished it all";[36] paragraph 49 except for the fourth sentence;[37] paragraph 52 except for plaintiff's descriptions of the cash register and her efforts to repair it, her descriptions of her own conduct, her observations, and her own statements of what she said to others;[38] paragraph 54 except for the twelfth sentence as to what plaintiff told a number of other coworkers;[39] paragraphs 55 and 56 except for plaintiff's statements about what she said, what

---

[35] Plaintiff has personal knowledge regarding the emails and the fact that she made the telephone call.

[36] Plaintiff has personal knowledge about what she did and that she completed her job on the day in question.

[37] Plaintiff has personal knowledge of the date when she first saw the referenced email sent to Saunders in HR. Separately, as to affidavit paragraph 51, defendants only move to strike this paragraph because it conflicts with plaintiff's deposition testimony that she continued sending emails. (Docket Entry # 98-1, pp. 58-59) (Docket Entry # 114, p. 4). The paragraph is not stricken on this basis and remains in the record, including plaintiff's averment that her "behavior did not need changing." (Docket Entry # 110, ¶ 51, sent. 1).

[38] Plaintiff has personal knowledge of the above matters.

[39] Defendants' objections to the remainder of the paragraph, including the hearsay objection, are well taken.

she observed, and what she did;[40] paragraph 58 except for the limited portion that contains what plaintiff specifically said and what she did; paragraph 60 except for the seventh sentence that Dean escorted plaintiff to the exit, including what plaintiff said to Dean at that time, and that plaintiff sent an email to Chammas; paragraph 63 except for the recitations of plaintiff's responsibilities and work duties in the first sentence, the first clause of the second sentence, the third sentence, a portion of the fourth sentence, and the increased responsibilities in the thirteenth sentence;[41] paragraph 67 except for the first, fifth, and sixth sentences; paragraph 69 except for the first and fifth sentences, the portion of the seventh and eighth sentences that Chammas said "the word

---

[40] For example, plaintiff's statements in affidavit paragraph 56 that in mid-November "in a safe in the left corner behind the money, [she] found [the] Payroll report" and that she "sent an email that [she] found [the] Payroll report behind the money in the safe" as well as her description of the location of the report are not stricken.  Likewise, the statement in affidavit paragraph 56 that the day plaintiff "was fired" she went to the office with Chammas, Sweeney, and Dean, "took the Report from the safe," and "Chammas started yelling in front of Beth Dean" are also part of the summary judgment record inasmuch as plaintiff has personal knowledge of what took place.
[41] The statement that "Other, younger and American born and/or raised persons in similar positions to myself were provided consequent pay raises, grade increases, or promotions" (Docket Entry # 110, ¶ 63) is conclusory and constitutes an unsupported characterization.  A similar averment in the last sentence in affidavit paragraph 64 is equally deficient.

'Communicate'"[42] and "pronounced it in a way" that mocked an

individual such as plaintiff "who has English as a second

language",[43] and the sentence as to being sent home; paragraph 70

except for the portion that depicts plaintiff's slip and fall;

paragraph 79 except for what plaintiff said, what she observed,

---

[42] The above statement is not considered for the truth of the matter asserted.

[43] Plaintiff attests that the pronunciation and the manner in which Chammas "uttered the word 'Communicate'" served "to mock" individuals who, like her, have "English as a second language." (Docket Entry # 110, ¶ 69, sent. 7, 8). This court will consider the foregoing as part of the summary judgment record because including it in the record does not change the recommendation to allow defendants summary judgment. Moreover, the meaning attributable to a decisionmaker's statement may turn upon the statement's context and discriminatory comments, if any, may show pretext and discriminatory animus in the mind of the decisionmaker. See generally Ash v. Tyson Foods, Inc., 546 U.S. 454, 456 (2006) ("speaker's meaning may depend on various factors including context"); Jingyuan Feng v. Rockwell Collins, Inc., Civil Action No. 15-139-LRR, 2017 WL 5895000, at *12 (N.D. Iowa Jan. 10, 2017), aff'd sub nom. Jingyuan Feng v. Komenda, 699 Fed. Appx. 580 (8th Cir. 2017) (unpublished). This court therefore considers the foregoing as evidence, if any, of discriminatory intent in the mind of a decisionmaker and/or an individual in a position to influence the decisionmaker. See Wright v. Southland Corporation, 187 F.3d at 1303-1304, n.21; Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 55 (1st Cir. 2000); Staniewicz v. Beecham, Inc., 687 F.2d 526, 530-531 (1st Cir. 1982); see also Hatfield-Bermudez v. Aldanondo-Rivera, 496 F.3d 51, 56, n.1 (1st Cir. 2007); Riley v. Massachusetts Dep't of State Police, Civil Action No. 15-14137-DJC, 2018 WL 2376320, at *8 (D. Mass. May 24, 2018) ("courts have found animus is imputable to the employer when the employee is in a position to influence the key decisionmaker") (citing inter alia Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 55). The same ruling applies to the similar statements in the sixth sentence and the first 17 words in the second sentence of affidavit paragraph 106.

and what she did; paragraph 80 except for plaintiff's statements
as to what she said and did as well as what she witnessed;[44]
paragraph 82 except for the second sentence;[45] paragraph 83
except the second sentence to the extent that plaintiff has
personal knowledge of the matter, portions of the ninth and
eleventh sentences to the extent they depict what plaintiff
personally observed, and the thirteenth sentence;[46] paragraph 87
except for what plaintiff told her physician during a January 9,
2014 visit, the fact that he gave her a list of doctors relative
to her psychological health, and that she sent an email to
Chammas requesting a day off; paragraph 88 except for sentences
two, five, seven, eight, and 11; paragraph 91 except for
sentences one and three;[47] paragraph 95 except for sentences two,

---

[44] Contrary to defendants' argument (Docket Entry # 114, p. 4)
(citing paragraph 108), affidavit paragraph 80 (Docket Entry #
110, ¶ 80) does not contradict the deposition testimony
defendants cite (Docket Entry # 98-1, pp. 81-82) (Docket Entry #
109, ¶ 108).
[45] Again, contrary to defendants' argument (Docket Entry # 114,
p. 4) (citing paragraph 110), the remaining portion of affidavit
paragraph 82 (Docket Entry # 110, ¶ 82) does not contradict the
deposition testimony defendants cite (Docket Entry # 98-1, pp.
83-84) (Docket Entry # 109, ¶ 110).
[46] Contrary to defendants' argument (Docket Entry # 114, p. 4)
(citing paragraph 111), the remaining portion of affidavit
paragraph 83 (Docket Entry # 110, ¶ 83) does not contradict the
deposition testimony defendants cite (Docket Entry # 98-1, p.
81) (Docket Entry # 109, ¶ 111).
[47] Again, contrary to defendants' argument (Docket Entry # 114,
p. 4) (citing paragraph 121), the remaining portion of affidavit
paragraph 91 (Docket Entry # 110, ¶ 91) does not contradict the
deposition testimony defendants cite (Docket Entry # 98-1, p.
89) (Docket Entry # 109, ¶ 121).

three, and six;[48] paragraph 97 except for sentences two to five,

seven, and ten to 13, the first clause in sentence 14, and the

last two sentences;[49] paragraph 98 except to the extent that

plaintiff told Sweeney that she (plaintiff) could not do the

filing because her hands hurt and she had to finish paperwork,

she was "too tired from my work place, and" she was "doing

everything by myself";[50] paragraph 102 except for the statement

that plaintiff "informed everyone in OHS of my departure";

paragraph 103 except for plaintiff's recitation of what she

said, what she personally observed, and what she did; paragraph

104 except to the extent it recites what plaintiff said to

---

[48] Contrary to defendants' argument (Docket Entry # 114, p. 4)
(citing paragraph 126), the remaining portion of affidavit
paragraph 95 (Docket Entry # 110, ¶ 95) does not contradict the
deposition testimony defendants cite (Docket Entry # 98-1, pp.
93-94) (Docket Entry # 109, ¶ 126), which simply recounts what
plaintiff said to Occupational Health Services ("OHS") on
Monday, January 13, 2014 (Docket Entry # 98-1, pp. 92-94).
[49] Whereas the statements plaintiff made to Michlin remain in
the record, the portions of affidavit paragraph 97 that recount
what Michlin said to plaintiff are stricken. The remaining
portion of affidavit paragraph 97 does not contradict the
portions of plaintiff's deposition that defendants cite (Docket
Entry # 98-1, pp. 95-97) (Docket Entry # 109, ¶ 128).
[50] Again, contrary to defendants' argument (Docket Entry # 114,
p. 4) (citing paragraph 129), the remaining portions of
affidavit paragraph 98 in the record (Docket Entry # 110, ¶ 98)
do not contradict the deposition testimony defendants cite
(Docket Entry # 98-1, pp. 97-98) (Docket Entry # 109, ¶ 129),
which recounts that Sweeney asked plaintiff to do filing on
Monday, January 13, 2014, which plaintiff did not perform.
(Docket Entry # 98-1, pp. 92-94). Separately, the portions of
affidavit paragraph 98 that reflect that plaintiff contacted
Kathy Medeiros in OHS in 2013 and took a day off on January 23,
2014 are also not stricken.

others, who she told about the reviews, what she observed or
witnessed, and what she did;[51] paragraph 105 except to the extent
plaintiff has personal knowledge that an individual(s) hired as
a cashier or a staff accountant was, in fact, younger in age
than plaintiff;[52] paragraph 106 except for sentence six for a
limited purpose,[53] the timing of the first invitation to the
Dana-Farber Christmas party, what plaintiff told Peddle, and the
averment that Michlin "was not promoted for five years" albeit
only to the extent of plaintiff's personal knowledge; paragraph
109 except for plaintiff's recitation about the visit to "the
FMLA office," her high blood pressure, the loss of sleep, other
mental health difficulties, and taking a day off in order to
meet with a physician;[54] paragraph 111 except for plaintiff's
statement that "I stopped thinking about the job as my

---

[51] Contrary to defendants' argument (Docket Entry # 114, p. 4)
(citing paragraph 136), the portions of affidavit paragraph 104
that remain in the summary judgment record do not contradict the
deposition testimony defendants cite (Docket Entry # 98-1, pp.
120-122) (Docket Entry # 109, ¶ 136).
[52] Similar to affidavit paragraph 104, the portions of affidavit
paragraph 105 that remain in the summary judgment record do not
contradict the deposition testimony defendants cite (Docket
Entry # 98-1, p. 56) (Docket Entry # 109, ¶ 137).
[53] See footnote 43.
[54] Contrary to defendants' argument (Docket Entry # 114, p. 4)
(citing paragraph 146), the portions of affidavit paragraph 109
that remain in the record do not contradict the deposition
testimony defendants cite in paragraph 146 in their LR. 56.1
statement.  The eighth sentence in affidavit paragraph 109 is
also not stricken from the record.

priority";[55] paragraph 112 except for the fact that she received paperwork during the visit to the FMLA office, and that she lost her health insurance and "had to wait for new insurance"; paragraph 113 except for the portion of sentence four that plaintiff "did not report this as overtime," sentence seven to the extent of plaintiff's personal knowledge, the first clauses in sentences ten and 11 that Wong stayed with plaintiff "for about two or three hours," sentence 16 that her work increased after she was hired, sentence 18 to the extent it describes a January 14, 2014 email,[56] the description of Deborah Hicks' email in sentences 19 and 21,[57] the description of Chammas' email in sentence 23,[58] and the portion of sentence 25 that plaintiff did not receive her "new responsibilities" for her work at 10BP.[59]

C.    Deposition Testimony
_____

[55] Defendants' hearsay objection (Docket Entry # 114, p. 13) is well taken. The above-noted portion of affidavit paragraph 111 does not contradict the portions of plaintiff's deposition that defendants cite in paragraph 148 of their LR. 56.1 statement.
[56] The relevant portion of sentence 18 provides that neither Chammas nor Sweeney answered an email plaintiff sent at 9:15 a.m. on January 14, 2014 asking to "describe for me, in writing what my new responsibilities will be from 3:00PM – 5:00PM while I will be working at 10BP . . .." (Docket Entry # 110, ¶ 113).
[57] Defendants do not object to the email as containing hearsay. See Bellone v. Southwick-Tolland Regl. Sch. Dist., 748 F.3d 418, 421 n.2 (1st Cir. 2014).
[58] See the previous footnote.
[59] The remaining portion of affidavit paragraph 113 includes plaintiff's opinions and/or hopes of receiving information, her personal beliefs, speculation, and matters about which plaintiff lacks personal knowledge, such as what Chammas knew.

As previously indicted, defendants seek to establish facts in a number of paragraphs in their LR. 56.1 statement as uncontroverted and therefore admitted because plaintiff cannot create a dispute in her affidavit that contradicts her deposition testimony.  The paragraphs in defendants' LR. 56.1 statement are:  9, 11, 14, 15, 17, 18, 19, 26, 49, 53, 73, 96, 97, 98, 101, 104, 105, 107, 108, 109, 110, 111, 112, 113, 114, 121, 124, 125, 126, 128, 129, 136, 137, 138, 139, 140, 142, 146, and 148.  Having already made rulings on a number of these paragraphs and found them uncontroverted, it is only necessary to address the remaining paragraphs with respect to defendants' uncontroverted argument.

Defendants also move to strike the affidavit paragraphs used to controvert the facts in these same paragraphs in defendants' LR. 56.1 statement on the basis that the affidavit paragraph contradicts plaintiff's deposition testimony.  Here again, it is only necessary to address this argument as it applies to the affidavit paragraphs this court has not addressed previously regarding a conflict with the deposition testimony.

The legal principles are easily stated.  "'Where a party has given "clear answers to unambiguous questions" in discovery, that party cannot "create a conflict and resist summary judgment with an affidavit that is clearly contradictory."'"  Xiaoyan Tang Bank, N.A., 21 F.3d at 217 n.11 (quoting Escribano-Reyes v.

Prof'l Hepa Certificate Corp., 817 F.3d 380, 386 (1st Cir. 2016)) (internal brackets omitted).  Hence, when a party gives "clear answers to unambiguous deposition questions, he or she cannot raise an issue of fact by submitting a subsequent affidavit that merely contradicts the deposition testimony." Lowery v. Airco, Inc., 725 F. Supp. 82, 85-86 (D. Mass. 1989); accord Colantuoini v. Afred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994); Chapman Ex Rel. Est. of Chapman v. Bernard's, Inc., 167 F. Supp. 2d 406, 419 (D. Mass. 2001).  In the event an affidavit paragraph contradicts clear answers to unambiguous deposition questions, the affidavit paragraph is stricken from the summary judgment record or disregarded.  See Orta-Castro v. Merck, Sharp & Dohme Quimica PR, 447 F.3d 105, 111 (1st Cir. 2006) (lower court did not abuse its discretion in disregarding sworn statement).  In accordance with the above law, it is the cited affidavit paragraph as opposed to the LR. 56.1 paragraph that is compared to the deposition testimony.

Turning to the task, paragraph nine in plaintiff's LR. 56.1 response relies exclusively on affidavit paragraph five.  The remaining portion of affidavit paragraph five in the summary judgment record does not contradict the cited deposition testimony defendants use to support paragraph nine in their LR. 56.1 statement.

Plaintiff cites only affidavit paragraph 11 to support paragraphs 14 and 15 in her LR. 56.1 response. Affidavit paragraph 11 does not contradict the deposition testimony defendants cite to support paragraphs 14 and 15 in their LR. 56.1 statement. Likewise, the portions of affidavit paragraphs nine to 12 that remain in the summary judgment record do not contradict the cited deposition testimony used to support paragraphs 17 and 18 of defendants' LR. 56.1 statement.

Turning to the second sentence in paragraph 19, it reads that "Dean and [plaintiff] met to discuss her complaint about the elimination of overtime."[60] (Docket Entry # 109, ¶ 19) (Docket Entry # 98-1, pp. 22-23). The relevant, remaining portions of affidavit paragraphs nine to 12 state that plaintiff "did not go to HR because of elimination of overtime, I went because of the false accusation that I was stealing overtime and that I would have serious consequences." (Docket Entry # 110, ¶ 12). The cited deposition testimony does not reflect a clear answer to an unambiguous deposition question that conflicts with the above. Plaintiff's testimony that she said to Dean "how can I know I have to stop overtime, to writing that, nobody told me" addresses whether she had the ability to *know* she had to stop taking overtime. (Docket Entry # 98-1, p. 23). It is not a

---

[60] As previously determined, the fact in the first sentence of LR. 56.1 paragraph 19 is deemed admitted. See fn. 14, 23.

clear answer that she met with Dean to discuss a complaint about the *elimination* of her overtime.  The questions posed immediately following this exchange simply ask plaintiff about "the overtime issue," her statements to *others* regarding "complain[ing] about overtime," and "a conversation about 15 minutes of overtime."  (Docket Entry # 98-1, pp. 23-25).  Here too, plaintiff's answers do not provide a clear statement that she complained to Dean about the elimination or termination of her overtime.  The above-quoted portion of affidavit paragraph 12 therefore remains in the record.  With respect to the topic of the meeting with Dean as a discussion of the elimination of overtime or the accusation against plaintiff, the summary judgment record is viewed in plaintiff's favor.

Defendants next seek to strike affidavit paragraph three used to controvert the fact in paragraph 26 of defendants' LR. 56.1 statement.  (Docket Entry # 114, p. 4) (Docket Entry # 113, p. 2).  The cited deposition testimony provides unequivocal support for paragraph 26 of defendants' LR. 56.1 statement.  The portion of affidavit paragraph three that remains in the record, however, does not contradict the cited deposition testimony and is therefore not stricken from the record.[61]

---

[61]  As previously stated, a portion of paragraph three is stricken from the record.

Defendants also seek to strike affidavit paragraph 34,[62] which supports paragraph 53 in plaintiff's LR. 56.1 response. The affidavit paragraph does not contradict the portion of plaintiff's deposition cited in paragraph 53 of defendants' LR. 56.1 statement. Likewise, the remaining portion of affidavit paragraph 69 does not contradict the deposition testimony defendants cite to support paragraph 96. Accordingly, affidavit paragraph 34 and the remaining portion of affidavit paragraph 69 are not stricken from the record.

Affidavit paragraph 70, cited to support plaintiff's response to paragraph 97 in defendants' LR. 56.1 statement, adds additional facts to paragraph 97 and, accordingly, does not controvert the fact in paragraph 97. The deposition testimony defendants cite (Docket Entry # 98-1, pp. 68-69) supports the fact in paragraph 97 (Docket Entry # 109, ¶ 97) but the testimony does not contradict affidavit paragraph 70. Accordingly, affidavit paragraph 70 is not stricken on the basis that it contradicts the cited deposition testimony.

Turning to paragraph 98, the cited deposition testimony does not contradict affidavit paragraph 71, which adds the fact that plaintiff experienced "cuts and bruises on both hands."

---

[62] Defendants do not move to strike affidavit paragraph 34 as setting out plaintiff's opinion or subjective beliefs. (Docket Entry # 114, p. 12).

(Docket Entry # 110, ¶ 71).  In fact, the cited deposition testimony reflects plaintiff's testimony that she had injuries on "both hand" [sic].  (Docket Entry # 98-1, pp. 68-69).  The addition of the injuries to both hands to the list of injuries in paragraph 98 does not controvert the facts in that paragraph within the meaning of LR. 56.1.

Affidavit paragraph 74, cited to support plaintiff's response to paragraph 101 in defendants' LR. 56.1 statement, adds additional facts to paragraph 101 and, accordingly, does not controvert the fact in paragraph 101.  The deposition testimony defendants cite (Docket Entry # 98-1, p. 74) supports the fact in paragraph 101 (Docket Entry # 109, ¶ 101) but the testimony does not contradict affidavit paragraph 74.  Affidavit paragraph 74 is therefore not stricken on the basis that it contradicts the cited deposition testimony.

Defendants next move to strike affidavit paragraph 77, which plaintiff cites to support her response to the facts in paragraph 104 of defendants' LR. 56.1 statement.  The cited deposition testimony tracks and fully supports the facts in paragraph 104.[63]  (Docket Entry # 98-1, pp. 76-78) (Docket Entry # 109, ¶ 104).  Affidavit paragraph 77, which recites the difficulty plaintiff had in making a decision to come to work on

_____

[63]  Paragraph 104 mistakenly refers to "January 3, 2013" as opposed to January 3, 2014.

January 2 and 3, 2014, does not contradict the deposition testimony that plaintiff came to work on these two days and performed certain tasks. (Docket Entry # 110, ¶ 77) (Docket Entry # 98-1, pp. 76-78). Thus, whereas paragraph 104 is deemed admitted, as previously determined, affidavit paragraph 77 is not stricken on the basis that it contradicts the cited deposition testimony.

Affidavit paragraph 78, cited to support plaintiff's response to paragraph 105 in defendants' LR. 56.1 statement, does not controvert the facts in paragraph 105 that plaintiff worked in the cashier's booth until 3:00 p.m. on Monday, January 6, 2014, and did not request an accommodation. The deposition testimony defendants cite (Docket Entry # 98-1, p. 79) supports the facts in paragraph 105 (Docket Entry # 109, ¶ 105) but the testimony is not "clearly contradictory," Xiaoyan Tang, 821 F.3d at 217 n.11, to affidavit paragraph 78. Affidavit paragraph 78 is therefore not stricken on the basis that it contradicts the cited deposition testimony.

Defendants also contend that affidavit paragraph 79 (Docket Entry # 110, ¶ 79) conflicts with deposition testimony that Sweeney asked plaintiff to perform filing, presumably on January 6, 2014 (Docket Entry # 98-1, p. 81). The portions of affidavit paragraph 79 that remain in the record do not contradict the cited deposition testimony. They also sufficiently controvert

the fact in paragraph 107 of defendants' LR. 56.1 statement that
Sweeney asked plaintiff to file journal entries "*[w]hen she
arrived* at 10BP" (Docket Entry # 109, ¶ 107) (emphasis added).
The remaining portions of the affidavit paragraph 79 are
therefore part of the summary judgment record.

Affidavit paragraphs 85 and 86 do not contradict the
portions of the deposition defendants cite (Docket Entry # 109,
¶¶ 113, 114) (Docket Entry # 98-1, pp. 85-87) or, as previously
determined, controvert the facts in paragraphs 113 and 114 of
defendants' LR. 56.1 statement.  Defendants next move to strike
affidavit paragraph 106 because it contradicts plaintiff's
deposition testimony that neither Chammas nor Sweeney made any
comments to plaintiff "directly" about her age or national
origin.  (Docket Entry # 98-1, pp. 54-57, 136) (Docket Entry #
114, p. 4) (Docket Entry # 109, ¶ 138).  In affidavit paragraph
106, plaintiff attests that Chammas and Sweeney "mocked the way"
plaintiff "spoke and wrote English" and made "comments about
[plaintiff's] language."  (Docket Entry # 110, ¶ 106, sent. 2,
6).  In order to engender a comprehensive review of plaintiff's
national origin discrimination claim, this court will assume,
for purposes of argument only, that these portions of affidavit
paragraph 106 do not contradict the portion of plaintiff's
deposition testimony that defendants cite (Docket Entry # 98-1,

pp. 54-57, 136) (Docket Entry # 109, ¶ 138).[64]  Even assuming for

purposes of argument that affidavit paragraph 106 also

controverts the fact in paragraph 138 of defendants' LR. 56.1

statement, plaintiff's deposition testimony still establishes

that neither Sweeney nor Chammas made any comments to plaintiff

directly about her age or national origin.  (Docket Entry # 98-

1, pp. 54-57).

Defendants next seek to strike affidavit paragraph 107,

which supports paragraph 142 in plaintiff's LR. 56.1 response.

The relevant portion of affidavit paragraph 107 ("I did not

complain about the elimination of overtime"; "I complained

because I was falsely accused [by Chammas] of stealing overtime

of 15 minutes") does not "clearly" or "blatantly" contradict,

Medina-Rivera, 713 F.3d at 140, the deposition testimony

defendants cite in paragraph 142 of their LR. 56.1 statement.

Xiaoyan Tang, 821 F.3d at 217 n.11.  Overall, the deposition

testimony simply depicts:  plaintiff's belief that "Chammas set

out to fire her" because plaintiff "complained to human

resources"; an email plaintiff sent to Chammas; and plaintiff's

belief about why "Chammas included some negative statements

about [plaintiff's] teamwork and collaboration in [plaintiff's]

---

[64]   See footnote 43.

2012 and 2013 performance reviews."[65]  (Docket Entry # 98-1, p. 81).  The portion of affidavit paragraph 107 that remains in the record is not stricken on the basis that it contradicts the cited deposition testimony.  Paragraph 142 is also sufficiently controverted within the meaning of LR. 5.1.

D.   Plaintiff's LR. 56.1 Statement

Defendants move to strike the five paragraphs that comprise plaintiff's LR. 56.1 statement of disputed facts.  (Docket Entry # 113) (Docket Entry # 114, pp. 14-15).  They argue that the statements constitute statements of law rather than fact, merely restate the allegations in the first amended complaint, and are not in compliance with LR. 56.1.  (Docket Entry # 115). Plaintiff submits that the paragraphs comply with the rules. (Docket Entry # 118).  She does not address defendants' first and third arguments.  (Docket Entry # 118).

Local Rule 56.1 unambiguously states that the party opposing summary judgment, i.e., plaintiff, "shall include a concise statement of material *facts* of record as to which it is contended that there exists a genuine issue to be tried, with *page references* to affidavits" and other documentation.  LR. 56.1 (emphasis added).  The following citations to support

---

[65]  The cited deposition testimony also includes an answer that, "I stated this in everything because I complain to HR [about Chammas], how she handle[d] my 15 minutes of overtime."  (Docket Entry # 98-1, p. 62).

paragraphs two and three do not comply with the plain language
of LR. 56.1:  "See Mehic Affidavit, Paragraphs 2 through 113,
above, and paragraph 17 through 115 of Exhibit A, and in
Plaintiff's Answers to Interrogatories, Exhibit B, nos. 5, 12,
13, 17, and 18."  (Docket Entry # 109, p. 27).  The citations
and the paragraphs themselves also do not serve the purpose of
LR. 56.1, which is to "direct[] the Court to 'what is—and what
is not—genuinely controverted' in, as here, a voluminous"
record.  W. Sea Fishing Co. v. Locke, 722 F. Supp. 2d 126, 130
n.2 (D. Mass. 2010) (citation omitted); see also In re DiMare,
462 B.R. 283, 290 (Bankr. D. Mass. 2011) ("D. Mass. 56.1 'is
intended to prevent parties from shifting to the court the
burden of sifting through the inevitable mountain of information
generated by discovery'") (citation omitted).  Paragraphs two
and three are therefore stricken from the summary judgment
record.

     To support paragraph one, plaintiff cites:  paragraphs two
to 113 of her LR. 56.1 response to defendants' LR. 56.1
statement "as supported by the related Affidavit paragraphs,"
which span 52 pages; unidentified "exhibits"; paragraphs six to
115 of the first amended complaint; and various answers to
interrogatories.  (Docket Entry # 109, p. 28).  Defendants
correctly assert that paragraph one does not comply with the
language of LR. 56.1, which requires page references.  Like the

42

citations for paragraphs two and three, the citation for
paragraph one does not serve the purpose of LR. 56.1 of focusing
the court's attention on the genuinely controverted facts and
relieving the burden on the court to sift through a voluminous
record.  The same deficiencies and noncompliance with LR. 56.1
apply to paragraphs four and five of plaintiff's LR. 56.1
statement of disputed facts.

In the alternative, all five paragraphs set out statements
of law rather than genuinely disputed facts.  The rule requires
the latter, not the former.

In sum, for either of the above two reasons, paragraphs one
through five of plaintiff's LR. 56.1 statement are stricken from
the record.[66]

E.    Exhibits and Supplemental Affidavit

Defendants' challenge to various exhibits and documents is
twofold.  First, they submit that the documents they cite and
quote in paragraphs 36, 37, 38, 39, 57, 58, 59, 62, 63, 64, 72,
89, and 90 of their LR. 56.1 statement are not offered for the
truth of the matter asserted.  Accordingly, they move to strike
plaintiff's "hearsay objections to these facts."  (Docket Entry
# 114, pp. 13-14).  Plaintiff, however, disputes the facts in

---

[66]    Even if this court considered the permissible Rule 56(c)
evidence from the cited pleadings and exhibits, it would not
change the recommendation to allow defendants' summary judgment
motion.

43

paragraphs 36, 39, 58, 59, 72, and 90 to the extent defendants offer the cited exhibits for the truth of the matters asserted. (Docket Entry # 109, ¶¶ 36, 39, 58, 59, 72, 90). In addition, plaintiff does not make a hearsay objection to paragraphs 37, 38, 57, 62, 63, 64, and 89. She also waives any argument to the contrary because she does not address defendants' argument in her opposition. (Docket Entry # 118). The parties therefore either agree that the exhibits are not used for the truth of the matter asserted or plaintiff does not challenge the exhibits on the basis that they contain hearsay. For purposes of the summary judgment motions, defendants' request to strike plaintiff's "hearsay objections to these facts" is therefore moot.

Second, defendants move to strike the exhibits that contain plaintiff's handwritten notations on the documents because they are not properly authenticated. (Docket Entry # 114, pp. 15-17). They also point out that a number of exhibits misleadingly combine portions of distinct documents into a single exhibit. (Docket Entry # 114, p. 16). Plaintiff acknowledges that she wrote on a number of the emails but maintains that the emails are easily distinguished from her handwritten notations. She also seeks to authenticate the exhibits with the supplemental affidavit. (Docket Entry # 118). In response, defendants object to consideration of the supplemental affidavit as

44

untimely, a belated attempt to cure prior deficiencies submitted without leave of court, and an additional burden on the court of yet another affidavit comprised of 80 additional paragraphs. (Docket Entry # 125).

Whereas this court considered a number of exhibits, the inclusion of these exhibits in the record lead to allowing the summary judgment motion.  In the event this court considered the additional exhibits without the handwritten notations, the same result occurs.  Having reviewed all of the 78 exhibits, they do not create a genuinely disputed issue of material fact that would forestall summary judgment.

As to the supplemental affidavit, it is true that this court has the discretion to consider the affidavit as a means to authenticate the exhibits.  See Caloia v. Putnam Investments, LLC, Civil Action No. 11-10073-RWZ, 2012 WL 3600345, at *5 (D. Mass. Aug. 21, 2012).  In the exercise of that discretion, this court deems it inappropriate.

Plaintiff filed the supplemental affidavit six weeks after she filed the opposition to the summary judgment motion and the original affidavit.  The court previously allowed plaintiff two extensions of time to file the opposition.  (Docket Entry ## 106, 111).  Plaintiff therefore had ample opportunity to submit the affidavit in the compliance with Rule 56(c), including in a "form that would be admissible in evidence," Fed. R. Civ. P.

56(c), at the time she filed the opposition along with the initial 123-paragragh, 55-page affidavit.  The belated attempt to cure the Rule 56(c) deficiencies with an 80-paragraph supplemental affidavit filed after defendants filed a reply to plaintiff's opposition is untimely and therefore not considered part of the summary judgment record.  <u>See</u> LR. 7.1(b)(3), 56.1.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to strike (Docket Entry # 113) is **ALLOWED** in part and **DENIED** in part.  The foregoing rulings apply to this court's Report and Recommendation on the motions for summary judgment filed by Dana-Farber (Docket Entry # 99) and Chammas and Sweeney (Docket Entry # 101).

<u>/s/ Marianne B. Bowler</u>
**MARIANNE B. BOWLER**
United States Magistrate Judge