UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUADA MEHIC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 15-cv-12934-IT |
| | * |
| DANA-FARBER CANCER INSTITUTE, | * |
| INC., MELISSA CHAMMAS, and LINDA | * |
| SWEENEY, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

September 6, 2019

TALWANI, D.J.

After discovery closed in this employment dispute, Defendants Dana-Farber Cancer Institute, Inc. ("Dana-Farber"), Linda Sweeney, and Melissa Chammas moved for summary judgment. Plaintiff Suada Mehic opposed the motion, and Defendants moved to strike the material Plaintiff submitted in opposition to the motions for summary judgment. The court referred the case to the Magistrate Judge, who allowed in part and denied in part the motion to strike, and issued a Report and Recommendation recommending that Defendants' motions for summary judgment be allowed. Plaintiffs filed Objections [#133]. After review, the court ACCEPTS (except as to one conclusion of law) the Memorandum and Order [#127] on the Defendants' Motion to Strike [#113], ACCEPTS (except as to one conclusion of law) the Report and Recommendation [#128], and ALLOWS Dana-Farber's Motion for Summary Judgment [#99] and Chammas and Sweeney's Motion for Summary Judgment [#101].

I.      Standard

Where a magistrate judge has issued an order on a non-dispositive matter referred by a district judge, and a party timely objects, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). On a dispositive matter, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

II.     Defendants' Motion to Strike

After Plaintiff filed her Response to Defendants' Consolidated Local Rule 56.1 Statement of Material Facts and Statement of Disputed Material Facts [#109] and supporting Affidavit [#110] with Exhibits [#110-1 – #110-78], Defendants moved to strike much of this material, Motion to Strike [#113], and the Magistrate Judge granted the motion to strike in part and denied it in part. Memorandum and Order [#127].

Plaintiff has failed to demonstrate in her Objections [#133] that the Magistrate Judge's determinations striking such statements and evidence was clearly erroneous or contrary to law, and accordingly, these portions of the Memorandum and Order [#127] are accepted.

Although Defendants' Motion to Strike [#113] with a proposed order sought only to strike Rule 56.1 statements and evidence offered in support, Defendants' Memorandum in Support of the Motion [#114] argued further that all facts that were not properly disputed should be deemed admitted. The Magistrate Judge agreed, and ordered that certain facts be "deemed admitted" for purposes of the summary judgment motion. See Memorandum and Order [#127] at 6-9, 12-14, 17-21, 24, 34. The court considers the issue as to whether facts shall be "deemed admitted" to be a question of law relating directly to a dispositive matter, and accordingly, subject to *de novo* review.

2

The Memorandum and Order [#127] explains that "in pertinent part, [LR 56.1] requires the party opposing summary judgment to 'include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation.'" Id. at 5 (quoting LR 56.1). The Memorandum and Order [#127] states further that "[t]he rule also deems admitted the facts in defendants' LR 56.1 statement that plaintiff's LR 56.1 response do not controvert." Id. at 5-6 (citing Cochran v. Quest Software, Inc., 328 F.3d 1, 12 (1st Cir. 2003) and Stonkus v. City of Brockton School Department, 322 F.3d 97, 102 (1st Cir. 2003)). The Memorandum and Order [#127] notes finally that "a non-party's omission of citations to the record in its statement of facts 'leaves no doubt' about its violation of the rule." Id. at 6 (quoting Zimmerman v. Puccio, 613 F.3d 60, 63 (1st Cir. 2010)). This conclusion is repeated in the Report and Recommendation [#128]. See Report and Recommendation [#128] at 5 ("[a] non-moving party . . . admits any fact in the moving party's LR 56.1 statement if the non-moving party fails to controvert the fact in the non-moving party's LR 56.1 statement").

These conclusions are correct where the moving party has met its burden, but are overbroad where the moving party has failed to do so. In addition to the portion of the rule quoted above, Local Rule 56.1 provides:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion.

Thus, where the non-moving party disputes an asserted fact, the court should also review the supporting material offered by the moving party before deeming the fact admitted.

That said, although Plaintiff contends that certain statements are disputed, she does not challenge the evidentiary support offered by Defendants. Accordingly, other than correcting this statement of law, the court accepts the Memorandum and Order [#127].

III.  Defendants' Motions for Summary Judgment

Plaintiff objects that the Report and Recommendation [#128] omits key facts and infers factual scenarios unfavorably to Plaintiff. The court disagrees.

It is true that on a motion for summary judgment, the court must construe "the record in the light most favorable to the non-movant and resolv[e] all reasonable inferences in that party's favor." Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2008). But "[t]o defeat a motion for summary judgment, the evidence offered by the adverse party cannot be merely colorable or speculative . . . [it] must be significantly probative of specific facts." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (internal quotation omitted). "[T]he question is not whether there is literally no evidence favoring the non-movant, but whether there is any upon which a jury could properly proceed to find a verdict in that party's favor." Connell v. Bank of Boston, 924 F.2d 1169, 1178 (1st Cir. 1991). Here, Plaintiff has not provided sufficient factual information from which a jury could proceed to find a verdict in her favor on any claim, even where all reasonable inferences are made in her favor.

Plaintiff's objections to the Report and Recommendation with regard to the Family and Medical Leave Act ("FMLA") claim are illustrative. The Magistrate Judge concluded that Plaintiff had failed to provide evidence showing that she had a "serious health condition" under the FMLA, where Plaintiff had offered evidence of a medical visit only on one occasion (Jan. 9, 2014), and the FMLA requires at least two visits in 30 days (except where there is inpatient or continuing treatment) to establish a serious medical condition. Report and Recommendation

4

[#128] at 90-92. Plaintiff argues that she also had two medical appointments scheduled for January 23, 2014. Objections [#133] at 18 (citing Affidavit [#110-3] at 34 [110-3]). But a jury cannot reasonably infer that a medical appointment occurred merely because it was scheduled, where Defendants proffered medical records from Plaintiff's medical providers that included no such visits and Plaintiff never averred that such a visit occurred.

Plaintiff argues further that the FMLA retaliation claim should not have been dismissed where she was terminated on the same date on which she had a meeting with Dana-Farber's leave coordinator. She argues that "Defendant Chammas' self-serving affidavit that she wasn't aware of this appointment should not prevail." Objections [#133] at 18. But as the Magistrate Judge explained, Plaintiff offered no admissible evidence (direct or circumstantial) that Chammas had received any information about Plaintiff's FMLA inquiry, and no evidence from which such an inference may be drawn. In the absence of evidence, the retaliation claim is too speculative for a jury to find in Plaintiff's favor.

Plaintiff also objects to the Magistrate Judge's conclusion that "Massachusetts law does not recognize a negligent supervision claim brought by an employee against his or her employer based on the latter's purportedly negligent supervision of another employee." Objections at 14-15. The Magistrate Judge's conclusion is well-supported where the facts supporting the claim amount to actionable discrimination, for Mass. Gen. Law c. 151B provides the exclusive state law remedy "for employment discrimination 'not based on preexisting tort law or constitutional protections.'" Galletly v. Coventry Healthcare, Inc., 956 F. Supp. 2d 310, 314 (D. Mass. 2013) (quoting Charland v. Muzi Motors, Inc., 631 N.E.2d 555, 559 (Mass. 1994)). The Magistrate Judge's conclusion also follows as to claim for personal injuries arising in the course of her employment as such claims would be barred by the Massachusetts Workers Compensation Act

5

("MWCA"). See Clarke v. Kentucky Fried Chicken of California Inc., 57 F.3d 21, 28-29 (1st Cir. 1995) (holding that MWCA "preempted" claims for negligent hiring, supervision, and retention in case in which management allegedly failed to supervise co-workers who harassed plaintiff). The court need not determine if a claim for economic damages for negligent supervision based on a co-workers' torts could ever stand; however, for here, there can be no claim for negligent supervision against Dana-Farber where the underlying tort claims against Chammas and Sweeney are resolved on summary judgment against Plaintiff.

Accordingly, the Report and Recommendation [#128] is adopted as clarified forth herein, Defendants' motions for summary judgment [#99, #101] are ALLOWED. Summary judgment is entered: in favor of Chammas and Sweeney on Plaintiff's claims for tortious interference with contractual relations (Count III), intentional infliction of emotional distress (Count IV), and libel and slander (Count V); in favor of Dana-Farber on Plaintiff's claims for negligent supervision (Count VI), age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (Count VII); discrimination based on national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. (Count IX); and violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2061 et seq. (Count XII); and in favor of all Defendants on Plaintiff's claim of age discrimination under Massachusetts General Laws chapter 151B (Count VIII).

IT IS SO ORDERED.

September 6, 2019

/s/ Indira Talwani
United States District Judge