UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUADA MEHIC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:15-cv-12934-IT |
| | * | |
| DANA-FARBER CANCER INSTITUTE, | * | |
| INC., MELISSA CHAMMAS, | * | |
| and LINDA SWEENEY, | * | |
| | * | |
| Defendants. | * | |

Memorandum and Order

June 4, 2020

TALWANI, D.J.

Before the court is Plaintiff Suada Mehic's Motion for Reconsideration [#141]. Plaintiff asks the court to reconsider its Judgment [#140], and its Memorandum & Order [#138] accepting the magistrate judge's Memorandum & Order [#127] and Report and Recommendation [#128] and allowing Defendants' motions for summary judgment. Plaintiff contends that new material evidence has been discovered that relates to her claims of discriminatory disparate treatment and which, she alleges, merits reconsidering the court's decisions.

Fed. R. Civ. P. 60(b) allows a court to reconsider a final judgment or order on the basis of "newly discovered evidence that, with reasonable diligence, could not have been [previously] discovered." In the face of newly proffered evidence, reconsideration is generally permitted only if the evidence is of such a nature that it could probably change the result. Mitchell v. United States, 141 F.3d 8, 18 (1st Cir. 1998) (internal citation omitted). Similarly, Fed. R. Civ. P. 59(e) allows for a judgment to be amended or altered if there is a clearly established manifest error of law or a presentation of newly discovered evidence. Palmer v. Champion Mortg., 465 F.3d 24,

30 (1st Cir. 2006). Repetition of arguments made prior to the court's judgment is not sufficient to prevail on a motion for reconsideration. Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008).

Plaintiff filed her Amended Complaint [#45] in 2016 against her former employer, Dana-Farber Cancer Institute, Inc. ("Dana-Farber"), and others and discovery closed on October 4, 2017. Elec. Order [#93]. Defendants thereafter filed their motions for summary judgment, and a motion to strike Plaintiff's response to Defendants' Statement of Material Facts, and the court referred the case to a magistrate judge for pretrial matters and for a report and recommendation on the dispositive motions on January 25, 2018. Elec. Order [#117]. The magistrate judge held a hearing on the motions on April 11, 2018, and issued her Memorandum and Order [#127] and Report and Recommendation [#128] as to Defendants' motions on August 31, 2018. Plaintiff filed objections on September 24, 2018, and the court issued its Memorandum & Order [#138] on September 6, 2019, and its final Judgment [#140] on September 10, 2019.

Plaintiff proffers, as allegedly new evidence, two job postings. The first job posting became publicly available on January 10, 2018. Exhibit A to Affidavit [#141-5]. Plaintiff attests in her Affidavit that she discovered the job posting "[o]n or about the end of January 2018." Mehic Aff. ¶ 2 [#141-4]. As such, the proffered evidence was both publicly available and discovered by Plaintiff well before the April 2018 hearing before the magistrate judge, the filing of objections by Plaintiff, and this court's final judgment.

The second job posting became publicly available on or around June 22, 2019, while Plaintiff's objections to the magistrate judge's recommendation were under advisement. Exhibit B to Affidavit [#141-6] (listing in the bottom corner that it was accessed on August 22, 2019, and listing at the top that the position was posted "two months ago"). Plaintiff states in her Affidavit that she discovered the job posting "[o]n or about 13 August 2019." Mehic Aff. ¶ 3

[#141-4]. Again, the proffered evidence was both publicly available and discovered by Plaintiff before the court issued its Memorandum & Order [#138] on September 6, 2019, and Judgment [#140] on September 10, 2019.

Therefore, as Plaintiff's proffered evidence is untimely as it was discovered prior to the court's final judgment, Plaintiff is not entitled to relief on the basis of this evidence.

In addition, Plaintiff fully briefed her argument that Dana-Farber's hiring trends while she worked as a cashier demonstrated she was discriminated against in promotion opportunities and that she was terminated because of discriminatory animus. Pl.'s Mem. in Opp'n to Defs.' Mots. for Summary Judgment 3-4 [#108]. After consideration of the summary judgment record, the magistrate judge recommended that summary judgment be granted in part because Plaintiff did not provide sufficient evidence to show that she was treated differently than similarly situated coworkers or that she was terminated because of discrimination. R. & R. 74-87 [#128]. Plaintiff filed extensive objections, and after careful consideration, the court accepted the magistrate judge's findings. Mem. & Order [#138]. As Plaintiff seeks to repeat these arguments in her motion for reconsideration, and does not offer any new evidence, she has not presented this court with a basis to reconsider its final judgment in this matter. Therefore, Plaintiff's Motion for Reconsideration [#141] is DENIED.

IT IS SO ORDERED.

Date: June 4, 2020                              /s/ Indira Talwani
                                                United States District Judge